

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann
XXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable S. M. Brown
Executive Secretary
Teacher Retirement System of Texas
Austin, Texas

Dear Sir:

Opinion No. O-2387
Re: Distribution of benefits
after death of a member.

In your letter of May 20, 1940, you request our opinion in response to the following questions:

"1. In Opinion No. O-129 dated June 1, 1939, the following statement is made:

"'The benefits allocated to a married member of the Teacher Retirement System of Texas are not community property. Such benefits belong to the separate estate of the member.'

"In view of this opinion, how would the accumulated contributions of a deceased member be divided between the surviving spouse and surviving children of that marriage in case no beneficiary had been named?

"2. Would the children of a deceased member by previous marriage participate to the same extent as the children of the decedent and the spouse to whom the decedent was married at time of death?

"3. If a member of the Teacher Retirement System dies without having designated a beneficiary to receive the return of his contributions in case of his death before retirement, would the Teacher Retirement System be acting within the law and with discretion if it required an administrator to be appointed for the estate and paid the money to the administrator? If such procedure is followed, would it relieve the Teacher Retirement System of any future responsibility in the case, such as having to determine the way in which the money should be divided among the heirs?

"4. In case it'is the opinion of your department that the money could be paid to an administrator and thus relieve the Teacher Retirement System of any further responsibility, would it be advisable and legally permissible for the Teacher Retirement System to attempt to settle the case without an administrator being appointed if the estate of the deceased member does not otherwise require an administrator and if the accumulated contributions of the deceased member in the Teacher Saving Fund of the Teacher Retirement System constitute such a small sum that the cost of court proceedings would cover a substantial portion of the accumulated contributions, should an administrator be required?

"5. If the Teacher Retirement System finds it necessary to return the accumulated contributions of a deceased member to several heirs such as a surviving spouse and two or three adult children, would it be legal and wise for the System to attempt to determine the exact way the sum should be divided and issue a separate warrant to each heir, or would it be legal and wise for the Teacher Retirement System to issue a warrant payable to all of the heirs for the full sum without attempting to be responsible for the division of the money between the heirs?"

Assumption is that each of your questions relates to the case of a member dying without leaving a will. Your statement made in connection with the first question with reference to one of the holdings contained in our Opinion No. 0-129 is a correct one. We adhere to the view therein expressed that the benefits under discussion belong to the separate estate of the member.

Article 2571, Revised Civil Statutes, is applicable. It reads in part:

"Where any person having title to any estate of inheritance, real, personal or mixed, shall die intestate as to such estate, and shall leave a surviving husband or wife, the estate of such intestate shall descend and pass as follows:

"1. If the deceased have a child or children, or their descendants, the surviving husband or wife shall take one-third of the personal estate, and the balance of such personal estate shall go to the child or children of the deceased and their descendants. The surviving husband or wife shall also be entitled to an estate for life, in one-third of the land of the intestate, with remainder to the child or children of the intestate and their descendants. * * *"

Where the deceased member is survived by spouse and children, and no beneficiary has been named as provided in the Act, therefore one-third of the benefits goes to the surviving husband or wife. The children of the deceased are entitled to the other two-thirds, share and share alike. This answers your first question. Your second question is answered in the affirmative, the statute making no difference between the children of the deceased regarding the marriage to which they were born.

The personal property of a deceased person ordinarily goes to the administrator or executor. Our statutes provide a method for the distribution of an estate in the hands of an administrator after the debts have been paid and the estate is ready to be wound up. You would be entitled to rely upon compliance with such statutes and to assume that the estate would be properly distributed by the administrator under supervision of the probate court. The last part of your third question is therefore given an affirmative answer. Furthermore, since you must deliver the money to the person or persons entitled to the same, or to a tribunal which it may be assumed will so deliver the same, you would be fully justified in requiring an administration in any instance where you are not entirely satisfied from the proof submitted that the claimants are entitled to receive the benefits left by the deceased member. We believe this will sufficiently answer the first part of your third question.

We think your fourth question suggests a very proper procedure. Where affidavits are submitted, which appear reliable and to conclusively show each and all of the heirs of the deceased, and showing further that there are no debts owing by the deceased or his estate, and there is otherwise no need for an administration, it is quite proper for distribution to be made without requiring an administration, particularily where the amount of the benefits is small. We would suggest, however, that payment not be hastily made and that you require the presentation of such affidavits as you may deem necessary to amply establish heirship and the fact that there is no pending administration nor any need for the same.

Your fifth question can hardly be answered categorically. In some cases it may be advisable to issue a single warrant payable to all heirs. However, it can be seen where this would lead to practical difficulties unless the procedure has been authorized by all parties at interest. In some instances the warrant might be withheld from presentation for an extended period. In many cases it will appear advantageous to issue a warrant to each heir for the amount to which he is entitled. Ordinarily it would seem to us that this would be the best practice. However, that is a matter which you will have to determine as the cases arise. Both procedures are legal and proper. You of course realize the necessity of definitely ascertaining the persons entitled to the benefits and in making payment in such a way that each person will receive his legal share and no more. Where disputes arise between claimants, they

should be settled, if possible, before you make payment. We are sorry that we cannot advise you more definitely on your fifth question. As individual cases present themselves we will be glad to be of assistance when possible.

Yours very truly

ATTORNEY GENERAL OF TEXAS

*Glenn R. Lewis*

By

Glenn R. Lewis
Assistant

APPROVED JUN 13, 1940

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

GRL:RS

APPROVED
OPINION
COMMITTEE
By *Bw* 
Chairman
